IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BILLIE MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR.; and LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES KLEINERT and THE CITY OF AUSTIN,<br><br>Defendants. | §§§§§§§§§§§§§§§ Civil Action No. 1:13-cv-00830 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiffs BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR., and LARRY MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR., file this lawsuit against Defendants CHARLES KLEINERT and THE CITY OF AUSTIN and would show the Court and Jury the following in support thereof:

**I.      PARTIES**

1.      Plaintiff Billie Mercer is the mother of Larry Jackson Jr. She brings her claim in her individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Larry Jackson Jr. pursuant to the Texas Civil Practices and Remedies Code §§71.002 *et. seq.* and §71.021.

2.      Plaintiff Larry Mercer is the stepfather of Larry Jackson Jr. He brings his claim in his individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Larry Jackson Jr. pursuant to the Texas Civil Practices and Remedies Code §§71.002 *et. seq.* and §71.021.

3.      At the time of his death, Larry Jackson Jr. was a citizen of the United States and resided in Austin, Travis County, Texas.

4.      Defendant Charles Kleinert is an Austin Police Department detective and may be served through his attorney, Robert-Icenhauer Ramirez, at 1103 Nueces Street, Austin, Texas 78701. He is being sued in his individual capacity. *Service is hereby requested at this time.*

5.      Defendant the City of Austin is a municipality organized under the laws of Texas and operates the Austin Police Department ("APD"). It may be served through its lawyer Dan Richards,  Richards Rodriguez and Skeith LLP, 816 Congress Avenue, Suite 1200, Austin, Texas 78701. *Service is hereby requested at this time.*

II.     **JURISDICTION AND VENUE**

6.      As this case is brought pursuant to 42 U.S.C. §1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

7.      This Court has general personal jurisdiction over Defendant Kleinert as he resides in the Western District of Texas, and over the City of Austin, as it is a Texas municipality in the Western District of Texas.

8.      This Court has specific *in personam* jurisdiction over all Defendants because this cause arises out of conduct that caused the wrongful death of Larry Jackson Jr. which occurred in Austin, Travis County, Texas, within the Western District of Texas.

9.     Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the Western District of Texas.

### III.    BACKGROUND

#### A.    Introduction

10.    Larry Jackson Jr. was the beloved son of Billie Mercer and Larry Mercer.

11.    On July 26, 2013, Larry Jackson Jr.'s life was senselessly cut short at the age of 32 when Defendant Kleinert shot him in the back of the head.

12.    At no time whatsoever did Larry Jackson Jr. pose an imminent threat of death or serious injury to Defendant Kleinert.

#### B.    The Shooting

13.    On the afternoon of July 26, 2013, Larry Jackson Jr. ("Jackson") went to the Benchmark Bank in central Austin to conduct a banking transaction.

14.    Unbeknownst to Jackson, Benchmark Bank was closed due to a bank robbery that occurred that morning.

15.    Upon his arrival at Benchmark Bank, Jackson tried to enter the bank, but it was locked.

16.    APD Detective Charles Kleinert ("Kleinert") was inside the bank, and noticed Jackson trying to enter the bank.

17.    Kleinert went outside and angrily confronted Jackson.

18.    Kleinert angrily asked why Jackson was at the bank and why he was in this specific part of town (a predominantly white area).

19.    Kleinert racially profiled Jackson, even though Jackson had done nothing wrong.

20. In reaction to the Kleinert's anger, Jackson got scared and left the scene.

21. Kleinert then went into a state of rage and decided to pursue Jackson on foot.

22. Kleinert then commandeered a civilian vehicle and ordered the civilian to drive after Jackson.

23. Kleinert was so engraged while riding in the civilian vehicle that the civilian told him to calm down, but Kleinert refused.

24. Kleinert then spotted Jackson.

25. Kleinert exited the civilian vehicle, and ran towards Jackson to provoke a confrontation.

26. Kleinert grabbed Jackson and began to rough him up.

27. Jackson eventually turned and attempted to get away from the enraged Kleinert.

28. Kleinert then unholstered his duty weapon, and shot Jackson once in the back of the head.

29. Kleinert knowingly and intentionally pulled the trigger with the full intent of killing Jackson.

30. Kleinert was never in imminent danger and admitted as much under oath in an Internal Affairs interview.

31. Kleinert subsequently stated he 'accidentally' shot Jackson but this is obviously false.

32. Kleinert tracked Jackson down without backup or radio communication, in clear violation of APD policy, and executed him in cold blood.

33. Kleinert's actions were criminal in nature and without question constitute excessive force.

IV. **FEDERAL CAUSES OF ACTION**

    A. **Excessive Force Against Defendant Kleinert**

34. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

35. Kleinert was acting under color of law as a member of the Austin Police Department at all relevant times.

36. Kleinert shot Jackson when Jackson posed no imminent threat of death or serious injury to Kleinert.

37. Kleinert's conduct resulted in the death of Jackson, was clearly excessive to the need and was objectively unreasonable in light of well-established law.

38. As a proximate result of Kleinert's conduct, Larry Jackson Jr. died and Plaintiffs suffered damages.

39. Thus, Defendant Kleinert is liable to Plaintiffs under 42 U.S.C. §1983.

    B. **42 U.S.C. §1983 Claim Against The City of Austin**

40. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

41. Defendant Kleinert was acting under color of law as an APD detective when he violated the constitutional rights of Larry Jackson Jr. and APD's policymakers ratified and approved Kleinert's misconduct.

42. In addition, the City of Austin had the following policies and/or practices in effect prior to the shooting:

- Inadequate supervision of officers regarding their use of force;
- Employing excessive force against minorities;

- Employing deadly force disproportionately against minorities;

- Inadequate warning systems to discipline and/or weed out potentially dangerous officers;

- Failing to adequately investigate use of force by APD officers;

- Inadequate training.

43. Each of these policies was actually known, constructively known and/or ratified by the City of Austin and its policymakers and were promulgated with deliberate indifference to Larry Jackson Jr.'s rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution. Moreover, the known and obvious consequence of these policies was that APD officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here would result.

44. Moreover, such policies/practices were the moving force of Larry Jackson Jr.'s death and the constitutional injuries he suffered. Accordingly, the City of Austin is liable under 42 U.S.C. §1983 to Plaintiffs for their damages.

**V.    CLAIM FOR DAMAGES**

45. The actions and omissions of Defendants deprived Larry Jackson Jr. of his civil rights under the United States Constitution. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiffs and proximately caused and/or were the moving force of the wrongful death of Larry Jackson Jr. Accordingly, Plaintiffs assert claims under 42 U.S.C. §1983 and the Texas wrongful death and survivorship

statutes, and seek any and all remedies available under Texas and United States law.

## VII.     ATTORNEY'S FEES

46.     As it was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit, Plaintiffs are entitled to an award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. §1988(b) if they prevail.

## VIII.    JURY REQUEST

47.     In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby notify all parties of Plaintiffs' demand to a jury trial and tender the appropriate fee.

## IX.     PRAYER FOR RELIEF

48.     Plaintiffs hereby ask that Defendants be cited to appear and answer and that Plaintiffs be awarded judgment against Defendants for:

   (a)    compensatory damages;

   (b)    attorney's fees, including expert fees, under 42 U.S.C. §1988;

   (c)    pre-judgment interest and post-judgment interest at the highest rate allowable under the law;

   (d)    all costs including, but not limited to, any expert fees; and

   (e)    all other relief in equity or in law to which Plaintiffs may be entitled.

Submitted on September 17, 2013

_____
Adam Loewy, Esq.
Texas Bar No. 24041353
**LOEWY LAW FIRM P.C.**
111 Congress Avenue, Suite 400
Austin, Texas 78701
P: (512) 779-3547
F: (512) 900-2991
E: adam@loewyfirm.com