IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR.; and LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR. <br><br> Plaintiffs, <br> V. <br><br> CHARLES KLEINERT and. THE CITY OF AUSTIN, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 1:13-cv-00830 |

### KIRSTEN JACKSON'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Intervenor files this motion to intervene as a plaintiff, as authorized by Federal Rule of Civil Procedure 24.

#### A. COMPLIANCE WITH LOCAL RULE CV-7-(1)

Intervenor has conferred with all counsel of record, and there is no opposition to this motion.

#### B. INTRODUCTON

1.      Plaintiffs are Billie Mercer and Larry Mercer; Defendants are Charles Kleinert and The City of Austin; Intervenor is Kirsten Jackson.

2.      Plaintiffs, Billie Mercer and Larry Mercer, sued defendants Charles Kleinert and The

City of Austin under a 42 U.S.C. §1983 claim.

3. Intervenor's motion is timely. *NAACP V. New York,* 413 U.S. 345, 365 (1973). No scheduling order has been entered into the suit. *See United States v. Washington,* 86 F.3d 1499, 1503 (9th Cir. 1996).

## C. ARGUMENT

4. Intervenor has the right to intervene in this suit under Rule 24(a)(2) for the following reasons:

   a. Intervenor has a direct, substantial, and legally protectable interest in the subject matter of the suit. *United States v. Albert Inv. Co.,* 585 F.3d 1386, 1397-98 (10th Cir. 2009); *John Doe #1 v. Glickman,* 256 F.3d 371, 379 (5th Cir. 2001). Intervenor has standing in Larry Jackson Jr.'s estate as surviving spouse in a wrongful death action under Texas Civil Practice and Remedies Code §71.004(a).

   b. There is a risk that intervenor's ability to protect her interest may be impaired without intervention. *WildEarth Guardians v. Nat'l Park Serv.,* 604 F.3d 1192, 1199 (10th Cir. 2010); *John Doe,* 256 F.3d at 380. Intervenors wrongful death claims are individual to her and not a part of any other parties recovery.

   c. The present parties in the suit may not adequately represent intervenor's interest. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 & n. 10 (1972); *City of Hous. V. Am. Traffic Solutions, Inc.,* 668 F.3d 291, 293-94 (5th Cir. 2012). Any other party herein will not adequately represent Intervenor's wrongful death damages.

5. The complaint in intervention is filed along with this motion.

## D. CONCLUSION

6. For the reasons stated above, Intervenor ask the Court to grant her motion to intervene as

-3-

a plaintiff to the lawsuit.

                          Respectfully submitted,

By: _____
James A. Rodman
State Bar No. 17139525
1515 W. 35th Street, Bldg. C
Austin, Texas 78703
Telephone: (512) 481-0400
Telecopy:(512) 481-0500

**ATTORNEY FOR INTERVENOR**

## CERTIFICATE OF SERVICE

By my foregoing signature, I certify that a true and correct copy of the foregoing documents have been electronically submitted with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system and forwarded to all counsel of record electronically or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2) on this 16th day of May, 2014.

Adam Loewy
Loewy Law Firm P.C.
111 Congress Ave., Suite 400
Austin, TX 78701
adam@loewyfirm.com

Robert Icenhauer-Ramirez
Law Offices of Robert Icenhauer-Ramirez
State Bar No. 10382945
1103 Nueces Street
Austin, Texas 78701
(512) 477-3580 (fax)
rirlawyer@gmail.com

Dan Richards
Richards, Rodriguez and Skeith, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 476-0005 (fax)
drichards@rrsfirm.com

Chris Jackson
1812 Centre Creek Dr. Ste 275
Austin, Texas 78754
(512)821-2943 (fax)
c_jackson@sbcglobal.net

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR.; and LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR.<br><br>　　　　　Plaintiffs,<br>V.<br><br><br>CHARLES KLEINERT and THE CITY OF AUSTIN,<br><br>　　　　　Defendants. | Civil Action No. 1:13-cv-00830 |

## ORDER

ON _____, the Court Considered the Intervenor's Unopposed Motion to Intervene, and after due consideration, the Court finds the motion should be granted and Intervenor, Kirsten Jackson should be allowed to participate fully in this litigation. The Court hereby orders the U.S. District Clerk to file the attached complaint as a matter of record in this case.

Signed on: _____

_____
Presiding Judge

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR.; and LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR. <br><br> Plaintiffs, <br><br> V. <br><br><br> CHARLES KLEINERT and. THE CITY OF AUSTIN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 1:13-cv-00830 |

## PLAINTIFF'S COMPLAINT IN INTERVENTION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Intervenor, Kirsten Jackson, files this complaint in intervention as a Plaintiff, as authorized by Federal Rule of Civil Procedure 24.

### A. PARTIES

1. Intervenor Kirsten Jackson is the widow of Larry Jackson Jr. She brings her claim in her individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Larry Jackson, Jr. pursuant to the Texas Civil Practices and remedies Code §§71.002 *et. seq.* and §§71.021.

2. Defendant Charles Kleinert is a retired Austin Police Department detective and may be served through his attorney, Robert-Icenhauer Ramirez, at 1103 Nueces Street, Austin, Texas 78701. He is being sued in his individual capacity.

3.  Defendant the City of Austin is a municipality organized under the laws of Texas and operates the Austin Police Department ("APD"). It may be served through its lawyer Dan Richards, Richards Rodriguez and Skeith LLP, 816 Congress Avenue, Suite 1200, Austin, Texas 78701.

## B. ORIGINAL LAWSUIT

4.  Plaintiffs, Billie Mercer and Larry Mercer, sued defendants Charles Kleinert and The City of Austin, under a 42 U.S.C. §1983. Defendant, Kleinert filed an answer asserting the affirmative defenses of qualified immunity, Texas Tort Claims Defense, and contributory negligence. Defendant, The City of Austin filed an answer asserting the affirmative defense of sovereign immunity, the Texas Tort Claims Act Defense, contributory negligence, qualified or official immunity of behalf of the Defendant, Kleinert, and that Plaintiff Larry Mercer lacks standing to bring suit.

## C. INTERVENOR'S CLAIMS

5.  Intervenor has claims for the wrongful death of Larry Eugene Jackson Jr., which resulted from the Defendants' violations of Mr. Jackson's rights under 42 USC §1983, as more fully described in Plaintiffs' Original Complaint, the allegations of which are adopted as if fully set forth herein.

6.  In accordance with FRCP 10(c) Plaintiff hereby adopts by reference paragraphs 6 through 45 of Plaintiffs' Original Complaint.

## D. DAMAGES

7.  As a result of Defendants' conduct as set of in Plaintiff's Original Complaint, Intervenor has suffered pecuniary loss, loss of companionship and society, and mental anguish, both in the past and future.

8.  Additionally, Intervenor is entitled to recover her lawful portion of survival damages

-3-

awarded to the Estate of Larry Eugene Jackson, which include pain and mental anguish, medical expenses and funeral and burial expenses.

## E. EXEMPLARY DAMAGES

9. Because Kleinert's actions were committed either intentionally or recklessly, Intervenor seeks the imposition and recovery of exemplary damages against the Defendant Kleinert.

## F. ATTORNEYS FEES

10. Intervenor also seeks the recovery of attorneys fees pursuant to 42 U.S.C. Sec. 1988.

## G. JURY REQUEST

11. Plaintiff has previously requested a jury, and Intervenor joins in that request.

## E. PRAYER

12. For these reasons, Intervenor asks that on final hearing, she be awarded a judgment against Defendants for:

   a. compensatory damages, and exemplary damages;

   b. attorney's fees, including expert fees, under 42 U.S.C. §1988;

   c. pre-judgment interest and post-judgment interest at the highest rate allowable under the law;

   d. all costs including, but not limited to, any expert fees; and

   e. all other relief in equity or in law to which Plaintiffs may be entitled.

Respectfully submitted,

By: _____
James A. Rodman
State Bar No. 17139525
1515 W. 35th Street, Bldg. C
Austin, Texas 78703
Telephone: (512) 481-0400
Telecopy:(512) 481-0500
***ATTORNEY FOR PLAINTIFFS***