IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR.; and LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR.<br><br>Plaintiffs,<br><br>V.<br><br>CHARLES KLEINERT and. THE CITY OF AUSTIN,<br><br>Defendants. | CAUSE NO. 1:13-cv-00830-LY |

## PLAINTIFFS BILLIE MERCER AND LARRY MERCER AND INTERVENOR KIRSTEN JACKSONS' JOINT MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT KLEINERT'S AMENDED MOTION FOR A PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

In accordance with the Court's May 30, 2014 Order, Plaintiffs' provide the following:

1. First, as noted in the *In Re Grand Jury Subpoena*, 75 F3.d 466 (9th Cir. 1996) and *In Re Grand Jury Subpoena* Dated *December 7 and 8, Issued to Bob Stover, Chief of Albuquerque Police Department*, 40 F.3d 1096 (10th Cir. 1994), the *Garrity* rule only prohibits the use of compelled internal investigation statements in criminal proceedings. It does not prohibit their discovery and use in a civil trial.

2. The arguments made by Officer Kleinert in this case are identical to the arguments made by the police officer in *Frierson v. City of Terrell*, 2003 WL 21955863 (N.D.Tex. 2003). A copy of the *Frierson* case was provided to the court at the May 30, 2014

hearing. Defendant Kleinert's argument is, by ordering production of the statement in the civil case, the prosecutor will gain access to the statement in the criminal case. The argument in *Frierson* was that there was no evidence to show that the prosecution would attempt to obtain such statements, and if they did, no evidence supports that they would attempt to use them against the Officer. As stated by the Court in *Frierson*, "Speculation is insufficient to invoke the protections of the Fifth Amendment: It is well established that the privilege protects against real dangers, not remote and speculative possibilities." The *Frierson* court cited *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478 (1972) and *Stover,* 40 F.3d at 1103 ("It is axiomatic that the Fifth Amendment protects against real dangers, not remote and speculative possibilities.")

3. In fact, as noted in Officer Kleinert's motion for protection, paragraph 3(B), "The Travis County District Attorney represents that she has never seen the Internal Affairs file, the Citizen Review Panel file, or the Austin Police Monitor's file, *and desires not to see it.*" (emphasis added). There is no evidence that production of these documents in this case, will jeopardize Officer Kleinert's Fifth Amendment rights. As also noted in Officer Kleinert's motion, one day after Kleinert gave his statement to Internal Affairs, the Austin American Statesman printed an article summarizing the statement. As conceded by counsel for Officer Kleinert, this leak of the officer's statement was not the result of any misconduct by Plaintiff's counsel. There is no evidence that the current protective order in this case is insufficient to protect any perceived harm to Officer Kleinert by release of the requested files.

4. As noted by the Court in *Frierson*, the *Garrity* rule's protection is not diminished when such statements are disclosed in a civil trial and later obtained by the prosecution. That is because the *Garrity* rule's focus is not on the prosecution's possession of the statement, but on the prosecution's improper use of the statements.

-3-

5.     Finally, it should be noted that what Officer Kleinert moves to protect from discovery is much broader than Officer Kleinert's statements. Officer Kleinert moves to prevent disclosure of the entire Internal Affairs investigations file, the entire police monitor's file and the entire Citizen Review Panel's file. The request for protection is crafted way too broadly to protect the asserted Fifth Amendment privilege.

Respectfully submitted on June 6, 2014

By: _____
James A. Rodman
State Bar No. 17139525
1515 W. 35th Street, Bldg. C
Austin, Texas 78703
Telephone: (512) 481-0400
Telecopy:(512) 481-0500

By:    /s/ Chris Jackson
Chris Jackson
State Bar No. 10454600
1812 Centre Creek Dr., Ste. 275
Austin, Texas 78754
Telephone: (512) 478-1899
Telecopy: (512) 821-2943

By:    /s/ Adam Loewy
Adam Loewy
Texas Bar No. 24041353
Loewy Law Firm P.C.
111 Congress Ave., Suite 400
Austin, TX 78701
Telephone: (51) 779-3547
Telecopy: (512) 900-2991

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

By my foregoing signature, I certify that a true and correct copy of the foregoing documents have been electronically submitted with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system and forwarded to all counsel of record electronically or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2) on this 6th day of June, 2014.

Robert Icenhauer-Ramirez
Law Offices of Robert Icenhauer-Ramirez
State Bar No. 10382945
1103 Nueces Street
Austin, Texas 78701
(512) 477-3580 (fax)
rirlawyer@gmail.com

Dan Richards
Richards, Rodriguez and Skeith, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 476-0005 (fax)
drichards@rrsfirm.com