IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BILLIE MERCER, Individually and as Heir   §
to the ESTATE OF LARRY JACKSON, JR.;   §
LARRY MERCER, Individually, and as Heir   §
to the ESTATE OF LARRY JACKSON, JR.,   §
  §
        Plaintiffs   §
  §
KIRSTEN JACKSON,   §
        Intervenor Plaintiff   §
  §
v.   §     Civil Action No. 1:13-CV-00830-LY
  §
CHARLES KLEINERT and   §
THE CITY OF AUSTIN,   §
  §
        Defendants   §

DEFENDANT CHARLES KLEINERT'S AMENDED ANSWER TO
PLAINTIFFS BILLIE MERCER AND LARRY MERCER'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

Defendant Charles Kleinert, (hereafter, "Defendant" or "Kleinert"), respectfully files his

Amended Answer to Plaintiff Billie Mercer and Larry Mercer's Original Complaint.

I.    **PARTIES**

1.    Defendant Kleinert lacks knowledge or information sufficient to permit him to either admit

or deny the allegations contained in Paragraph 1 of Plaintiffs' Original Complaint.

2.    Defendant Kleinert lacks knowledge sufficient to permit him to either admit or deny the

allegations contained in Paragraph 1 of Plaintiffs' Original Complaint, but if proven true by

Plaintiffs, denies that Plaintiff Larry Mercer, the alleged stepfather of Larry Jackson, Jr., is entitled

to bring this cause of action or recover pursuant to the Texas Civil Practices and Remedies Code.

3.      Defendant Kleinert lacks knowledge or information sufficient to permit him to either admit or deny the allegations contained in paragraph 3 of Plaintiffs' Original Complaint.

4.      Defendant Kleinert admits the allegations contained in paragraph 4 of Plaintiffs' Original Complaint.

5.      Defendant Kleinert admits the allegations contained in paragraph 5 of Plaintiffs' Original Complaint.

**II.     Jurisdiction and Venue**

6.      Defendant Kleinert admits the allegations contained in paragraph 6 of Plaintiffs' Original Complaint.

7.      Defendant Kleinert admits the allegations contained in paragraph 7 of Plaintiffs' Original Complaint.

8.      Defendant Kleinert admits that portion of the allegation contained in paragraph 8 of the Plaintiffs' Original Complaint alleging that the incident which forms the subject of this lawsuit occurred in Travis County, Texas; denies that the facts constitute a "wrongful death."

9.      Defendant Kleinert admits the allegations contained in paragraph 9 of Plaintiffs' Original Complaint.

**III.    Background**

10.     Defendant Kleinert lacks knowledge or information sufficient to permit him to either admit or deny the allegations contained in paragraph 10 of Plaintiffs' Original Complaint.

11.     Defendant Kleinert admits that portion of the allegations contained in paragraph 11 of Plaintiffs' Original Complaint that Larry Jackson, Jr. was shot by Defendant Kleinert; otherwise, denies.

12.     Defendant Kleinert denies the allegations contained in paragraph 12 of Plaintiffs' Original Complaint.

13.     Defendant Kleinert admits that portion of the allegations contained in paragraph 13 of Plaintiffs' Original Complaint that Larry Jackson, Jr. went, on July 26, 2013 to the Benchmark Bank in central Austin; otherwise, denies.

14.     Defendant Kleinert denies the allegations contained in paragraph 14 of Plaintiffs' Original Complaint.

15.     Defendant Kleinert admits the allegations contained in paragraph 15 of Plaintiffs' Original Complaint.

16.     Defendant Kleinert admits the allegations contained in paragraph 16 of Plaintiffs' Original Complaint.

17.     Defendant Kleinert denies the allegations contained in paragraph 17 of Plaintiffs' Original Complaint.

18.     Defendant Kleinert denies the allegations contained in paragraph 18 of Plaintiffs' Original Complaint.

19.     Defendant Kleinert denies the allegations contained in paragraph 19 of Plaintiffs' Original Complaint.

20.     Defendant Kleinert admits that Larry Jackson, Jr. evaded detention by running from Detective Kleinert; otherwise, denied as phrased.

21.     Defendant Kleinert admits that he pursued the evading Jackson; otherwise, denies.

22.     Defendant Kleinert denies as phrased.

23.     Defendant Kleinert denies the allegations contained in paragraph 23 of Plaintiffs' Original Complaint.

24.     Defendant Kleinert admits the allegations contained in paragraph 24 of Plaintiffs' Original Complaint.

25.     Defendant Kleinert admits exiting the vehicle; otherwise, denied as phrased.

26.     Defendant Kleinert denies the allegations contained in paragraph 26 of Plaintiffs' Original Complaint.

27.     Defendant Kleinert denies the allegations contained in paragraph 27 of Plaintiffs' Original Complaint.

28.     Defendant Kleinert denies the allegations contained in paragraph 28 of Plaintiffs' Original Complaint.

29.     Defendant Kleinert denies the allegations contained in paragraph 29 of Plaintiffs' Original Complaint.

30.     Defendant Kleinert denies the allegations contained in paragraph 30 of Plaintiffs' Original Complaint.

31.     Defendant Kleinert denies the allegations contained in paragraph 31 of Plaintiffs' Original Complaint.

32.     Defendant Kleinert denies the allegations contained in paragraph 32 of Plaintiffs' Original Complaint.

33.     Defendant Kleinert denies the allegations contained in paragraph 33 of Plaintiffs' Original Complaint.

**IV.     Federal Causes of Action**

34.     Paragraph 34 contains no factual allegations and requires no response.

35.     Defendant Kleinert admits the allegations contained in paragraph 35 of Plaintiffs' Original Complaint.

36.     Defendant Kleinert denies the allegations contained in paragraph 36 of Plaintiffs' Original Complaint.

37.     Defendant Kleinert denies the allegations contained in paragraph 37 of Plaintiffs' Original Complaint.

38.     Defendant Kleinert denies the allegations contained in paragraph 38 of Plaintiffs' Original Complaint.

39.     Defendant Kleinert denies the allegations contained in paragraph 39 of Plaintiffs' Original Complaint.

40.     Paragraph 40 contains no factual allegations and requires no response.

41.     Defendant Kleinert admits that he was acting under color of law as an APD detective; otherwise, denies.

42.     Defendant Kleinert denies the allegations contained in paragraph 42 of Plaintiffs' Original Complaint.

43.     Defendant Kleinert denies the allegations contained in paragraph 43 of Plaintiffs' Original Complaint.

44.     Defendant Kleinert denies the allegations contained in paragraph 44 of Plaintiffs' Original Complaint.

**V.      Claim for Damages**

45.     Defendant Kleinert denies the allegations contained in paragraph 45 of Plaintiffs' Original Complaint.

**VII.    Attorney's Fees**

46.     Defendant Kleinert denies the allegations contained in paragraph 46 of Plaintiffs' Original Complaint that Plaintiffs are entitled to attorney's fees and costs, including expert witness fees.

Defendant Kleinert is, however, entitled to an award of attorney's fees, expert witness fees and costs pursuant to 42 U.S.C. Section 1988, since it was necessary for him to hire the undersigned attorney to defend him in this case.

## VIII.  Jury Request

47.     Paragraph 47 contains no factual allegations and requires no response.  Defendant Kleinert also requests a jury trial.

## IX.     Prayer for Relief

48.     Defendant Kleinert denies all the allegations contained in paragraph 48 (a) through (e) of Plaintiffs' Original Complaint.

## X.      Defenses

Without assuming the burden of proof as to any of the following (other than any burden imposed by law), Defendant further asserts:

a.    SUBJECT MATTER JURISDICTION.  This court lacks subject matter jurisdiction because Charles Kleinert was at all times relevant to this case, a specially deputized agent of the Federal Bureau of Investigation, a specially deputized United States deputy marshal, and a member of a federal task force and was pursuing his duties at the time of the incident made the basis of this lawsuit.

b.    FEDERAL OFFICER IMMUNITY.  Defendant Kleinert asserts that at all times relevant to this case, he was a specially deputized agent of the Federal Bureau of Investigation, a specially deputized United States deputy marshal, and a member of a federal task force and was pursuing his duties at the time of the incident made the basis of this lawsuit.

**XI.    Affirmative Defenses**

49.    QUALIFIED IMMUNITY DEFENSE.  At all times mentioned in the Plaintiffs' Original Complaint, Defendant Kleinert was employed by the City of Austin as a police officer for the Austin Police Department and acting in his respective official capacity.  His actions were done in good faith, without malice, and were performed with the reasonable belief that those actions were authorized by and in accord with existing law and authority.

50.    Defendant Kleinert asserts the affirmative defense of qualified immunity in that the Defendant was, at the time of his actions, a City of Austin police officer entitled to qualified immunity from Plaintiffs' claims.

52.    TEXAS TORT CLAIMS DEFENSE.  To the extent that Paragraph 45 of Plaintiffs' Original Complaint might be construed to make a claim under Texas state law, Defendant alleges that Defendant Charles Kleinert, was, at the time of his actions, a police officer of the City of Austin, and as such has and asserts qualified and official immunity to claims alleged by Plaintiffs. Defendant further asserts the defenses, exemptions and exclusions under the Texas Tort Claims Act including, but not limited to § 101.023, § 101.024, § 101.026, § 101.055, § 101.056, § 101.057, § 101.101, and § 101.106, and at common law.  Defendant Kleinert was acting in the course and scope of his employment as a police officer and was engaging in discretionary acts which required personal deliberation and judgment.  Defendant Charles Kleinert acted as reasonable prudent officers could have acted under the same or similar circumstances and at all times was acting in good faith.  Defendant Charles Kleinert has and asserts official immunity.

53.    CONTRIBUTORY NEGLIGENCE.  Defendant Kleinert further asserts the affirmative defense of contributory negligence.  Plaintiffs' actions are barred in whole or in part by the contributory negligence of Larry Jackson, Jr.  Larry Jackson, Jr., by his actions, failed to exercise

ordinary care for his safety.  His actions contributed at least fifty-one percent to the injuries and damages that he received in this case.

## XII.   Defendant Charles Kleinert's Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Kleinert prays that Plaintiffs take nothing by their suit, and for attorneys' fees, costs, and any such other and further relief, general and specific, at law and in equity, to which this Defendant may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

ROBERT ICENHAUER-RAMIREZ
Law Offices of Robert Icenhauer-Ramirez
State Bar No. 10382945
1103 Nueces Street
Austin, Texas  78701
(512) 477-7991
(512) 477-3580 [Fax]
rirlawyer@gmail.com
ATTORNEY FOR DEFENDANT
CHARLES KLEINERT

LINDA ICENHAUER-RAMIREZ
Law Offices of Linda Icenhauer-Ramirez
State Bar No. 10382944
1103 Nueces Street
Austin, Texas  78701
(512) 477-7991
(512) 477-3580 [Fax]
ljir@aol.com
ATTORNEY FOR DEFENDANT
CHARLES KLEINERT

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Adam Loewy
LOEWY LAW FIRM, P.C.
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 779-3547
(512) 900-2991 (fax)

Mr. Randy T. Leavitt
1301 Rio Grande
Austin, Texas 78701
(512) 476-4475
(512) 542-3372 (fax)


Mr. James A. Rodman
1515 W. 35th Street, Bldg. C
Austin, Texas 78703
(512) 481-0400
(512) 481-0500 (fax)

Mr. Patrick J. Tighe
The Tighe Law Firm, P.C.
111 Congress Ave., Suite 400
Austin, Texas 78701
(512) 900-7744
(512) 582-8499 (fax)

Mr. Daniel R. Richards
RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 475-0005
(512) 476-1513 (fax)

Mr. Clark Richards
RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 475-0005
(512) 476-1513 (fax)


Mr. Chris Jackson
1812 Centre Creek Drive, Suite 275
Austin, Texas 78754
(512) 478-1699
(512) 478-2943 (fax)


ROBERT ICENHAUER-RAMIREZ

9