IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BILLIE MERCER, Individually and as Heir to the ESTATE OF LARRY JACKSON, JR.; LARRY MERCER, Individually, and as Heir to the ESTATE OF LARRY JACKSON, JR., <br><br> Plaintiffs <br><br> KIRSTEN JACKSON, <br>     Intervenor Plaintiff <br><br> v. <br><br> CHARLES KLEINERT and THE CITY OF AUSTIN, <br><br>     Defendants | § § § § § § § § § § § § § § § § §   Civil Action No. 1:13-CV-00830-LY |

### DEFENDANT CHARLES KLEINERT'S AMENDED ANSWER TO PLAINTIFF KIRSTEN JACKSON'S AMENDED COMPLAINT IN INTERVENTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

Defendant Charles Kleinert, (hereafter, "Defendant" or "Kleinert"), by and through his attorney of record in the above-referenced case, Robert Icenhauer-Ramirez, respectfully files his Amended Answer to Plaintiff Kirsten Jackson's Amended Complaint in Intervention (Doc. 71).

1.      Defendant Kleinert on information and belief admits the allegations contained in paragraph 1 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

1(a).   Paragraph 1(a) contains no factual allegations and requires no response.

2.      Defendant Kleinert admits the allegations contained in paragraph 2 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

3.      Defendant Kleinert admits the allegations contained in paragraph 3 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

1

3(a).  Defendant Kleinert admits the allegations contained in the first two sentences of paragraph 3(a) of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.  Sentences 3 and 4 of paragraph 3(a) contain no factual allegations and require no response.

4.  Defendant Kleinert admits the allegations contained in paragraph 4 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

5.  Defendant Kleinert denies the allegations contained in paragraph 5 of Plaintiff Kirsten Jackson's Complaint in Intervention.

6.  Defendant Kleinert adopts by reference the answers to paragraphs 6 through 45 of Plaintiffs' Original Complaint found in Defendant Charles Kleinert's Answer to Plaintiffs' Original Complaint.

7.  Defendant Kleinert denies the allegations contained in paragraph 7 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

8.  Defendant Kleinert denies the allegations contained in paragraph 8 of Plaintiff Kirsten Jackson's Amended Complaint in Intervention.

9.  Defendant Kleinert denies the allegations contained in paragraph 9 of Plaintiff Kirsten Jackson's Complaint in Intervention.

10.  Defendant Kleinert denies the allegations contained in paragraph 10 of Plaintiff Kirsten Jackson's Complaint in Intervention.  Defendant Kleinert is, however, entitled to an award of attorney's fees, expert witness fees and costs pursuant to 42 U.S.C. Section 1988, since it was necessary for him to hire the undersigned attorney to defend him in this case.

11.  Paragraph 11 contains no factual allegations and requires no response.

12.  Defendant Kleinert denies the allegations contained in paragraph 12 of Plaintiff Kirsten Jackson's Complaint in Intervention.

### Defenses

13. Without assuming the burden of proof as to any of the following (other than any burden imposed by law), Defendant further asserts:

   a. SUBJECT MATTER JURISDICTION. This court lacks subject matter jurisdiction because Charles Kleinert was at all times relevant to this case, a specially deputized agent of the Federal Bureau of Investigation, a specially deputized United States deputy marshal, and a member of a federal task force and was pursuing his duties at the time of the incident made the basis of this lawsuit.

   b. FEDERAL OFFICER IMMUNITY. Defendant Kleinert asserts that at all times relevant to this case, he was a specially deputized agent of the Federal Bureau of Investigation, a specially deputized United States deputy marshal, and a member of a federal task force and was pursuing his duties at the time of the incident made the basis of this lawsuit.

### Affirmative Defenses

14. QUALIFIED IMMUNITY DEFENSE. At all times mentioned in the Plaintiff's Complaint in Intervention, Defendant Kleinert was employed by the City of Austin as a police officer for the Austin Police Department and acting in his respective official capacity. His actions were done in good faith, without malice, and were performed with the reasonable belief that those actions were authorized by and in accord with existing law and authority.

15. Defendant Kleinert asserts the affirmative defense of qualified immunity in that the Defendant was, at the time of his actions, a City of Austin police officer entitled to qualified immunity from Plaintiff's claims.

16. <u>TEXAS TORT CLAIMS DEFENSE.</u>  To the extent that Paragraph 45 of Plaintiffs' Original Complaint might be construed to make a claim under Texas state law, and Plaintiff in Intervention adopts this pleading, Defendant alleges that Defendant Charles Kleinert, was, at the time of his actions, a police officer of the City of Austin, and as such has and asserts qualified and official immunity to claims alleged by Plaintiffs.  Defendant further asserts the defenses, exemptions and exclusions under the Texas Tort Claims Act including, but not limited to § 101.023, § 101.024, § 101.026, § 101.055, § 101.056, § 101.057, § 101.101, and § 101.106, and at common law.  Defendant Kleinert was acting in the course and scope of his employment as a police officer and was engaging in discretionary acts which required personal deliberation and judgment.  Defendant Charles Kleinert acted as reasonable prudent officers could have acted under the same or similar circumstances and at all times was acting in good faith.  Defendant Charles Kleinert has and asserts official immunity.

17. <u>CONTRIBUTORY NEGLIGENCE.</u>  Defendant Kleinert further asserts the affirmative defense of contributory negligence.  Plaintiff's actions are barred in whole or in part by the contributory negligence of Larry Jackson, Jr.  Larry Jackson, Jr., by his actions, failed to exercise ordinary care for his safety.  His actions contributed at least fifty-one percent to the injuries and damages that he received in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Kleinert prays that Plaintiff Kirsten Jackson take nothing by her suit, and for attorneys' fees, costs, and any such other and further relief, general and specific, at law and in equity, to which this Defendant may show himself to be justly entitled.

RESPECTFULLY SUBMITTED,

*[signature]*
_____
ROBERT ICENHAUER-RAMIREZ
Law Offices of Robert Icenhauer-Ramirez
State Bar No. 10382945
1103 Nueces Street
Austin, Texas 78701
(512) 477-7991
(512) 477-3580 [Fax]
rirlawyer@gmail.com
ATTORNEY FOR DEFENDANT
CHARLES KLEINERT


*[signature]*
_____
LINDA ICENHAUER-RAMIREZ
Law Offices of Linda Icenhauer-Ramirez
State Bar No. 10382944
1103 Nueces Street
Austin, Texas 78701
(512) 477-7991
(512) 477-3580 [Fax]
ljir@aol.com
ATTORNEY FOR DEFENDANT
CHARLES KLEINERT

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Adam Loewy
LOEWY LAW FIRM, P.C.
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 779-3547
(512) 900-2991 (fax)

Mr. Randy T. Leavitt
1301 Rio Grande
Austin, Texas 78701
(512) 476-4475
(512) 542-3372 (fax)

Mr. James A. Rodman
1515 W. 35th Street, Bldg. C
Austin, Texas 78703
(512) 481-0400
(512) 481-0500 (fax)

Mr. Patrick J. Tighe
The Tighe Law Firm, P.C.
111 Congress Ave., Suite 400
Austin, Texas 78701
(512) 900-7744
(512) 582-8499 (fax)

Mr. Daniel R. Richards
RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 475-0005
(512) 476-1513 (fax)

Mr. Clark Richards
RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Ave., Suite 1200
Austin, Texas 78701
(512) 475-0005
(512) 476-1513 (fax)

Mr. Chris Jackson
1812 Centre Creek Drive, Suite 275
Austin, Texas 78754
(512) 478-1699
(512) 478-2943 (fax)

_____
ROBERT ICENHAUER-RAMIREZ