IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JAN 26 PM 3:29

| | | |
|---|---|---|
| BILLIE MERCER, INDIVIDUALLY AND AS HEIR TO THE ESTATE OF LARRY JACKSON, JR.; LARRY MERCER, INDIVIDUALLY AND AS HEIR TO THE ESTATE OF LARRY JACKSON, JR., AND KIRSTEN JACKSON,<br>PLAINTIFFS, | § § § § § § § § § § | |
| V. | § § § § § § | CAUSE NO. A-13-CA-830-LY |
| CHARLES KLEINERT AND THE CITY OF AUSTIN,<br>DEFENDANTS. | | |

## ORDER

Before the court in the above styled and numbered cause is Plaintiff J.D.J.'s Motion to Intervene filed July 8, 2015 (Clerk's Document No. 68), Plaintiff Kirsten Jackson's Memorandum in Response to J.D.J.'s Motion to Intervene filed July 14, 2015, (Clerk's Document No. 69), and J.D.J.'s Response to Kirsten Jackson's Memorandum in Response to J.D.J.'s Motion to Intervene filed August 6, 2015 (Clerk's Document No 81). On November 10, 2015, the court held a hearing on J.D.J.'s motion at which all parties were represented by counsel. After the hearing, J.D.J. filed a Reply to Kirsten Jackson's Courtroom Argument on Motion to Intervene on November 16, 2015 (Clerk's Document No. 90). Also pending in this action is Kirsten Jackson's Motion to Strike J.D.J.'s Plea in Intervention filed January 11, 2016 (Clerk's Document No. 92). To date no response has been filed to the motion to strike. Having considered the motions, response, reply, J.D.J.'s post-hearing reply, the case file, the arguments of counsel, and the applicable law, the court will deny J.D.J.'s motion to intervene and will dismiss Kirsten Jackson's motion to strike.

The court may permit a party to intervene when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which the party seeks to intervene; (3) the disposition of the case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties may not adequately represent the potential intervenor's interest. Fed. R. Civ. P. 24(a)(2) ("Rule 24"); *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). Although failure to satisfy any one element precludes the applicant's right to intervene, "the inquiry under subsection (a)(2) is a flexible one," and "intervention of right must be measured by a practical rather than technical yardstick." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Id.* Courts are to construe Rule 24 liberally and resolve all doubts in favor of the proposed intervenor. *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009).

Plaintiffs Billie Mercer, the mother of Larry Jackson, Jr., deceased, and Larry Mercer, Jackson's stepfather, commenced this action in their capacities as statutory wrongful-death beneficiaries and as heirs to Jackson's estate. Plaintiffs contend that Charles Kleinert used excessive force against Jackson and wrongfully caused his death while acting under color of law as an Austin Police Department ("Department") detective when Kleinert violated Jackson's constitutional rights, and that the Department ratified and approved Kleinert's misconduct. *See* 42 U.S.C. § 1983 ("Section 1983"). The court granted the request of Jackson's widow, Intervenor Plaintiff Kristen Jackson, to bring similar Section 1983 claims in her individual capacity as a statutory wrongful-

death-beneficiary and as an heir to Jackson's estate, and to seek her portion of survival damages that might be awarded to Jackson's estate.[1]

J.D.J. a minor child represented by her mother, Alexandria Gladney, requests that the court allow her to intervene as a plaintiff because she is a child of Jackson and there are currently no parties in this action that adequately represent her interests. Specifically, J.D.J. seeks to raise wrongful-death claims and seeks to recover her portion of any survival damages awarded to Jackson's estate.

Kirsten Jackson responded to J.D.J.'s request and urged the court to not rule on J.D.J.'s motion until the Probate Court of Travis County, Texas, in a pending action, resolved the issue of whom are the proper heirs to Jackson's estate. Further, Kirsten Jackson argues that because genetic testing revealed that J.D.J. is not the biological child of Jackson, J.D.J. lacks standing to pursue a wrongful-death claim.

At the November 10 hearing, counsel for Kirsten Jackson informed the court that the probate court appointed an administrator for Jackson's estate and would soon hold a hearing to determine the heirs of Jackson's estate. Included with Kirsten Jackson's January 11 motion to strike is a copy of the probate court's order declaring the names of the heirs of Jackson. *See Estate of Jackson*, Cause No. C-1-PB-14-001027 (Prob. Ct., Travis County, Tex., Jan. 11, 2016). J.D.J. is not among those declared by the probate court to be an heir of Jackson.

The court has allowed the 14-day response period to pass, and to date no response has been filed to Kirsten Jackson's motion nor has there been any challenge to the authenticity of the probate

---

[1] The court granted Kirsten Jackson's request to file an amended complaint, and her live pleading was filed July 21, 2015 (Clerk's Document No. 71).

3

court's January 11 Order. *See* Loc. R. W. Dist. Tex. CV-7(e) (requiring party opposed to motion to respond within 14 days of filing dispositive motion).

A party must have standing under a state's wrongful-death or survival statute to proceed with a claim under Section 1983. *See* 42 U.S.C. § 1988(a); *Pluet v. Frasier*, 381, 384 (5th Cir. 2004). To recover under Texas's wrongful-death statute, a child must establish biological paternity by clear-and-convincing evidence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a) (West 2008). J.D.J. has failed to do so. Under Texas's survival statute, "[a] personal injury action survives . . . in favor of the heirs . . . of the injured person." *See Id.* at § 71.021(b). Unlike Texas's wrongful-death statute, Texas's survival statute does not require a biological relationship to exist between the deceased and the heir as a prerequisite for recovery under the survival statute. *Pluet*, 355 F.3d at 384. As J.D.J. is neither a biological child nor an heir of Jackson, J.D.J. lacks standing to bring a claim in this action. Therefore,

**IT IS ORDERED** that Plaintiff J.D.J.'s Motion to Intervene filed July 8, 2015 (Clerk's Document No. 68) is **DENIED**.

**IT IS FURTHER ORDER** that Kirsten Jackson's Motion to Strike J.D.J.'s Plea in Intervention filed January 11, 2016 (Clerk's Document No. 92) is **DISMISSED**.

SIGNED this _____ day of January, 2016.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE